*Order*

## In re Cross et al.

*Philip Price,* for Committee of Censors.

*James F. Masterson* and *Harry R. Kozart,* for respondents.

PER CURIAM, January 23, 1951.—On June 19, 1950, the Committee of Censors filed a petition and rule to show cause why respondents should not be disciplined

under Rule 200 (*f*) of the Courts of Common Pleas of Philadelphia County. This was followed on November 10, 1950, by a supplementary petition and rule setting forth certain additional cases of unprofessional conduct with which respondents were charged.

Respondents were engaged together in the practice of law and although each had some personal business, with regard to personal injury cases they divided their fees, Cross taking 60 percent and Adams 40 percent of the net receipts. About seven years ago a number of complaints were filed by the firm's clients before the Committee of Censors charging respondents with failing to pay over money due them. However, when a hearing was set by the committee the money was paid, the complaints were transferred to the committee's inactive files and marked closed.

Beginning in 1949, 15 more complaints were filed on similar charges, three of which were disposed of without a hearing as the matters were adjusted by payment of the money; 12 others proceeded to hearing upon which it appeared that Adams solicited the business which Cross handled. Thereafter, it was charged, that the money collected for their clients by way of settlement had never been paid over. This was admitted by both respondents but on behalf of Adams it was said that the only active part he took in the conduct of the firm's affairs was the solicitation of cases and that with regard to certain of them he never received his share of the proceeds from Cross.

As a suggestion of the death of Cross since our hearing has been filed of record, we need only consider the case of respondent Adams. In his behalf it is urged that he knew nothing of the embezzlement of moneys belonging to the firm's clients and that he had withdrawn from the firm prior to the filing of the most recent complaints. Further, that although he received none of the money obtained and withheld by Cross in

some cases, he paid off a number of the claims out of his private funds.

It would serve no useful purpose to detail the violations of professional conduct shown before the committee. It is enough to say that the practices of which both respondents were guilty continued over such a long period of time as to rebut the notion of carelessness or inadvertence.

Respondent Adams has heretofore been disciplined for solicitation. On April 20, 1945, the court suspended him from practice for a period of six months. Undeterred by this experience, when he was permitted to engage in practice again it is clear by his own admissions that he resumed the solicitation of cases, the only difference being that after his suspension he only solicited cases for the firm in person, whereas before he had employed someone to do it for him.

It is clear to us that this respondent has acted in a manner meriting reprobation throughout a long period during his professional career. First, in violation of an act of assembly for which he was suspended and since then in violation of the canons of the bar with regard to professional conduct. He has already been treated with an indulgence which he has shown that he did not deserve and it appears to us that he has displayed such a lack of moral perception as to demonstrate his unfitness for the practice of law. We, therefore, deem it our duty to announce that under the evidence presented to us respondent Adams should be disbarred.

### Decree

And now, January 23, 1951, upon consideration of the rule taken by the Committee of Censors of the Bar Association of the County of Philadelphia, it is ordered that the rule be made absolute and Donald Barnes Adams be and is hereby disbarred from practicing at

the bar of this court, and that his name be stricken from the roll of attorneys.

Notice of this order to be given by the prothonotary to the Supreme and Superior Courts of Pennsylvania, the several Courts of Common Pleas, the Orphans' Court and the Municipal Court of the County of Philadelphia.